# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## APRIL SESSION, 1999

FILED

April 20, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )
      Appellee          )
                             )   No. 02C01-9806-CR-00196
                             )
vs.                          )   SHELBY COUNTY
                             )
RAYMOND L. SUGGS,            )   Hon. Chris Craft, Judge
                             )
      Appellant          )   (Driving on a revoked license,
                             )   second offense; DUI, third offense)

For the Appellant:

**AC Wharton**
District Public Defender

**Walker Gwinn**
Asst. Public Defender
201 Poplar Avenue
Memphis, TN 38103

(ON APPEAL)

**Tarik B. Sugarmon**
Asst. Part-Time Public Defender
201 Poplar Avenue, Second Floor
Memphis, TN 38103

(AT TRIAL)

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Patricia C. Kussmann**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**Thomas Hoover**
Asst. District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Raymond L. Suggs, was found guilty by a Shelby County jury of driving on a revoked license, second offense, and driving under the influence, third offense. The trial court imposed concurrent sentences of five months for driving on a revoked license and eleven months, twenty nine days, suspended after service of five months, for driving under the influence. In his sole issue on appeal, the appellant contends that the evidence is insufficient to support his conviction for driving under the influence, third offense.

After review of the record, we affirm.

### Background

On June 29, 1996, Memphis Police Officer Frank Winston was on patrol traveling westbound on South Parkway. At approximately 10 p.m., he observed a red Ford Grenada fail to make a complete stop at a traffic sign. The Grenada proceeded eastbound on South Parkway. Officer Winston followed the vehicle and was able to effect a traffic stop at the I-240 overpass, approximately one and one-half miles from the site of the infraction.

As Officer Winston approached the vehicle, he was able to observe two people in the car. He asked the driver, subsequently identified as the appellant, to exit the vehicle, at which time Officer Winston observed that the appellant's eyes were blood shot. He also noticed that the appellant was swaying, to such extent that Officer Winston reached for the appellant to prevent him from being hit by oncoming traffic. When the appellant failed to produce a driver's license, Winston placed the appellant in the rear seat of his patrol car. At this point, the appellant became argumentive and Officer Winston noticed a strong odor of alcohol on the appellant.

2

After performing standard identification checks on both the appellant and the passenger, Winston discovered that the passenger had an outstanding warrant for his arrest and the appellant's driver's license had been revoked. The passenger was also placed in the patrol car and Winston radioed his partner, Officer Robert Hardy, to transport the passenger to the Criminal Justice Center.

While in the rear of the patrol car, the appellant began shaking. Officer Winston believed the appellant was having a seizure and requested an ambulance be sent to the scene. When the paramedics arrived, they examined the appellant and determined that he was not having a seizure. Within minutes of their arrival, the appellant appeared "normal."

Officer Hardy, who had arrived at the scene shortly before the paramedics, observed that the appellant had a strong odor of alcohol about him and was very combative. Because of the appellant's behavior and appearance, Winston requested that the Metro DUI van be dispatched to the scene. The appellant remained in the rear seat of Winston's patrol car. At some point, the appellant attempted to flee from the car. Although he attempted to knock Officer Hardy down, Hardy was physically able to subdue and restrain the appellant.

Shelby County Deputy Sheriff Alvin Dortch, the alcohol and drug technician with the Metro DUI unit, along with Officer Winston requested that the appellant submit to a field sobriety test and a blood alcohol content test. Dortch, Winston, and Hardy all testified at trial that the appellant refused any testing and continually cursed at the officers. Deputy Dortch confirmed Officer Winston's and Officer Hardy's observations that the appellant smelled strongly of alcohol, was combative with the arresting officers, had blood shot eyes, swayed upon standing, and had slow muscle reflex response. Officer Winston arrested the appellant for driving under the influence and transported him to the jail.

3

At trial, proof was introduced that the appellant had pled guilty in 1990 and 1994 to driving under the influence and had pled guilty to driving on a revoked license in 1994. Although the appellant did not testify at the guilt phase of his DUI trial, he did testify during the penalty phase. The appellant stated

> [T]he real truthfulness in that hasn't prevailed. The truthfulness was that the police knocked me out. I wasn't aware of the ambulance. I wasn't aware of the DUI wagon. I was handcuffed, knocked out, inside that police car. And when they was talking about escape, I woke up in shock. . . . [T]his part of my body came out of the car. They tried to get me on the escape charges. I didn't have no idea what was going on, because I was knocked out.

Based upon this evidence, the jury found the appellant guilty of driving on a revoked license, second offense, and driving under the influence, third offense.

**Analysis**

Again, in his sole issue on appeal, the appellant challenges the sufficiency of the evidence to sustain his conviction for driving under the influence, third offense. Specifically, the appellant contends that "he had not been drinking and the police knocked him out." He also claims that he was not guilty of one of the two prior driving under the influence offenses used to enhance his conviction to third offense DUI.

Regarding the evidence necessary to affirm the appellant's present conviction for driving under the influence, we conclude that the appellant's challenge is one of witness credibility. In essence, the appellant requests that this court trespass upon the jury's responsibility to evaluate the credibility of the witnesses and reweigh the evidence introduced at the trial by reassessing the credibility of the arresting officers and the appellant. It is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. See generally State v. Adkins, 786 S.W.2d 642, 646 (Tenn. 1990); State v. Burlison, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993); State v. Matthews, 805 S.W.2d 776, 779

4

(Tenn.Crim.App.1990). We decline the appellant's invitation to overturn his conviction by making a choice different from that of the jury.

Moreover, we conclude that the evidence is more than sufficient to support the jury's verdict. The elements of driving under the influence are: (1) driving or being in physical control of a motor vehicle (2) upon a public thoroughfare while (3) under the influence of an intoxicant or drug. Tenn. Code Ann. § 55-10-401 (1996 Supp.). In this case, the appellant only challenges the finding that he was under the influence of an intoxicant at the time of his arrest. The jury heard three prosecuting witnesses testify that the appellant smelled of alcohol, his eyes were blood shot, his speech was slurred, his reflex responses were slow, and he was violent and combative to the arresting officers. We conclude that the evidence in the record before us, viewed in the light most favorable to the State, amply supports the appellant's conviction for driving under the influence, third offense. Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e). This issue is without merit.

Finally, the appellant challenges the validity of his 1989 conviction for driving under the influence contending that he only pled guilty because he was advised by counsel to do so. Specifically, he contends that "he was not guilty of the 1989 DUI charge . . . because he had pulled over on the side of the road to sleep and was not driving." The appellant's challenge to the validity of his 1989 conviction amounts to a collateral attack and is precluded by our supreme court's holding in McClintock v. State, 732 S.W.2d 268, 272 (Tenn. 1987). This claim is without merit.

For the reasons stated herein, we find no error of law requiring reversal. The judgment of the trial court is affirmed.

5

_____
DAVID G. HAYES, JUDGE


CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
L. T. LAFFERTY, SENIOR JUDGE