## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

SEPTEMBER SESSION, 1999

FILED

October 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          *
                             *          No. 02C01-9901-CR-00030
          Appellee,          *
                             *          SHELBY COUNTY
vs.                          *
                             *          Hon. Arthur T. Bennett, Judge
CARLOS R. PORTO-SAES,        *
                             *          (Aggravated Robbery; 1 ct.;
          Appellant.         *          Aggravated Assault, 2 cts)


For the Appellant:                    For the Appellee:

**Kevin E. Childress**                **Paul G. Summers**
Attorney for Appellant                Attorney General and Reporter
301 Washington Ave., Suite 201
Memphis, TN  38103                    **Patricia C. Kussmann**
                                      Assistant Attorney General
(ON APPEAL)                           Criminal Justice Division
                                      425 Fifth Avenue North
                                      2d Floor, Cordell Hull Building
                                      Nashville, TN 37243-0493


**Ms. Patricia Odell**
Attorney at Law
50 North Front Street                 **William L. Gibbons**
Memphis, TN  38103                    District Attorney General

(AT TRIAL)                            **Glen C. Baity**
                                      Asst. District Attomey General
                                      Criminal Justice Center - Third Floor
                                      201 Poplar Avenue
                                      Memphis, TN  38103



OPINION FILED: _____

AFFIRMED


**David G. Hayes,** Judge

## OPINION

The appellant, Carlos R. Porto-Saes, was convicted by a Shelby County jury of one count of aggravated robbery and two counts of aggravated assault.[1]  For these convictions, he received sentences of ten years incarceration for  aggravated robbery and three years for each aggravated assault conviction.  The sentences were ordered to be served concurrently.  In this appeal as of right, the appellant presents only one issue for our review: "Whether the evidence is sufficient to support his convictions for aggravated robbery and aggravated assault beyond a reasonable doubt?"

After a review of the evidence, we affirm the appellant's convictions.

## Background

On February 21, 1997, at approximately 7:30 p.m., the Krystal Restaurant located at 496 Watkins in Memphis was robbed by two men wearing masks.  After entering the restaurant, one of the masked robbers, later identified as the appellant, entered the dining room area, brandishing a pistol and ordered the customers, including Jesse Holt and Julian Williams, onto the floor.  The appellant remained in the dining area while the second robber, wearing a black and orange mask and wielding an iron pipe, entered the drive-through window area.  When the second robber entered this area, he confronted Krystal employee, Mabline Thompson, who was standing near the cash register and ordered, "Bitch, give me your money and get down."  The robber then proceeded to grab money from the cash register and

---

[1]On July 10, 1997, a Shelby County Grand Jury indicted the appellant and his co-defendant, charging them with one count of aggravated robbery of Mabline Thompson.  On January 13, 1998, the Grand Jury returned additional indictments against the appellant, charging him with two counts of aggravated assault against Jesse Holt and Julian Williams respectively.

put it in a pouch around his waist. He then ordered Ms. Thompson into the office where he forced her to open the restaurant's safe. As Ms. Thompson was being led from the drive-through area to the office, she noticed another man in the dining room wearing a blue mask and holding a pistol. After obtaining the money from the safe, Ms. Thompson and another employee, Lenora Fletcher, were struck by the robber with the iron pipe. During the robbery, Ms. Fletcher also observed a masked individual standing in the dining area holding a nine millimeter pistol on the customers.

Memphis Police Officer Craig Cook and his partner, Officer Michael Richardson, were flagged down in their separate patrol cars at North Parkway and Watkins and were advised that the nearby Krystal restaurant was being robbed. Joined by Memphis Police Officer Fred Farah, Cook and Richardson responded to the robbery call at the Krystal Restaurant. Upon arriving at the scene, Officer Farah walked towards the counter while the other two officers proceeded toward the rear of the store. Officer Farah noticed "everybody was on the ground." He then "heard shuffling in back of the counter. . . ." As he approached the counter, the robber wearing the black and orange mask, later identified as co-defendant Alexi Oliveras, "popped up from the counter." Oliveras "had a pipe in his hand. . . ." Officer Farah restrained Oliveras and placed him in custody.

> Meanwhile, Officer Cook observed the appellant in the dining area
>
> squatting down in the floor wearing a black ski mask, brown gloves, and holding a pistol. When [the appellant] looked over and saw me coming in the front door, he stuck the pistol down the back of his pants, pulled off the black mask and his gloves, threw them behind him. Then he sat down in a chair at a table, put his hands flat out on the table. . . .

Officer Cook recovered the weapon, a nine millimeter, from the back waistband of the appellant's pants. At trial, Officer Cook made an in-court identification of the appellant as the robber with the gun.

3

**Analysis**

In his sole issue on appeal, the appellant contends that, when tested against the reasonable doubt standard, the evidence is insufficient to support the convictions returned by the jury. Specifically, the appellant contends that all of the evidence against him is circumstantial and that no victim could identify him as the perpetrator prior to his being placed in police custody. Moreover, the appellant asserts that the testimony of Officer Cook, the sole witness who could identify the appellant as the perpetrator wielding the pistol, is inherently untrustworthy. In support of this allegation, he asserts that, if the suspect was squatting down behind a three foot partition as Officer Cook testified, Cook would not have been able to clearly identify who had the mask and gun. Accordingly, he argues that the physical obstructions to Officer Cook's identification of the appellant make the identification inherently suspect.

Although a defendant is initially cloaked with the presumption of innocence, State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982), a jury conviction removes this presumption of innocence and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient. Id. In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). It is the appellate court's duty to affirm the conviction if the evidence viewed under these standards was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence,

circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

Initially, we agree with the State's position that the present case does not rely solely upon circumstantial evidence to support the convictions.  Indeed, Officer Cook's testimony that he observed the appellant with the mask and the weapon is direct evidence of the appellant's involvement in the present offenses.  Accordingly, this argument is without merit.

Finally, the appellant attacks the reliability of Officer Cook's identification of the appellant.  The thrust of the appellant's argument focuses upon the "proverbially untrustworthy" identification of strangers.  See  United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926 (1967).  Our supreme court specifically addressed these concerns in State v. Dyle, 899 S.W.2d 607, 609 (Tenn. 1995).  The court acknowledged that the "accuracy of eyewitness testimony is affected by the usual universal fallibilities of human sense perception and memory." Dyle, 899 S.W.2d at 612.  "This phenomenon, which could obviously affect other forms of evidence also, is potentialized by the fact that this testimony is prone to many outside influences (police interrogations, lineups, etc.) and is often decisive."  Id.  (citation omitted). Thus, to account for these prejudicial influences on an eyewitness identification, the court promulgated a pattern jury instruction on identity instructing the jury to consider several factors before assessing the weight to be given to a witness's identification of a defendant.  See  Dyle, 899 S.W.2d at 612 (factors to be considered include: witness's capacity and opportunity to observe the offender; the degree of certainty expressed by the witness regarding the identification; the occasions on which the witness failed to make an identification of the witness; and the occasions on which the witness made an identification that was consistent with the identification at trial).  The Dyle instruction was provided in the present case.

5

Officer Cook had a reasonable opportunity to identify the appellant as the perpetrator when he entered the dining area of the restaurant. Officer Cook discovered a pistol in the appellant's pants, a ski mask, and a pair of gloves in the appellant's possession upon approaching him at the restaurant table. Officer Cook never hesitated in his identification of the appellant and at no point did Officer Cook misidentify or fail to identify the appellant as the perpetrator. The credible testimony of one identification witness is sufficient to support a conviction if the witnesses viewed the accused under such circumstances as would permit a positive identification to be made. See State v. Strickland, 885 S.W.2d 85, 87-88 (Tenn. Crim. App. 1993). Moreover, it was within the prerogative of the jury to assess the credibility of Officer Cook. See State v. Adkins, 786 S.W.2d 642, 646 (Tenn.1990); State v. Burlison, 868 S.W.2d 713, 718-19 (Tenn.Crim.App.1993); Matthews, 805 S.W.2d at 779.

Viewing the evidence in a light most favorable to the State, we conclude that the evidence is more than sufficient to support the appellant's convictions. Tenn. R. App. P. 13(e). The proof is undisputed that the appellant, through the use of a deadly weapon, ordered Jesse Holt and Julian Williams onto the floor while his co-defendant, armed with a weapon, forcibly obtained from Mabline Thompson a sum of money being the contents of both a cash register and the store safe. See Tenn. Code Ann. § 39-13-402 (a)(1) (1997); Tenn. Code Ann. § 39-11-402(2) (1997); Tenn. Code Ann. § 39-13-102(a)(1)(B) (1997). This issue is without merit.

Accordingly, the judgments of conviction entered by the trial court are affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOE G. RILEY, Judge


_____
THOMAS T. WOODALL, Judge