IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. LAMONT LEE HARPER

**Direct Appeal from the Criminal Court for Sumner County**
**No. 30-1998   Jane W. Wheatcraft, Judge**

---

**No. M1999-00451-CCA-R3-CD - Decided June 9, 2000**

---

The defendant was convicted by a Sumner County jury of aggravated assault and attempted first degree murder.  The defendant alleges on appeal that: 1) the evidence was insufficient to establish guilt of aggravated assault; 2) the trial court erred in allowing victim Kevin Wynn to testify that he had previously seen the defendant with a gun; and 3) the trial court erred by failing to declare a mistrial after testimony that the drug task force kicked in the defendant's door on a prior occasion, and after testimony that the defendant had previously been arrested.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J. delivered the opinion of the court, in which WADE, P.J. and Ogle, J. joined.

John Pellegrin (at trial), Gallatin, Tennessee; and David A. Doyle (on appeal), District Public Defender, for the appellant, Lamont Harper.

Paul G. Summers, Attorney General and Reporter; Todd R. Kelley, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Sallie Wade Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The defendant and victim Kevin Wynn were acquaintances who lived in the same apartment complex.  In late November 1997, the defendant gave Wynn approximately 2 ounces of cocaine to hold for him.  Wynn believed the defendant was trying to set him up and disposed of the drugs.

During the evening of December 5, 1997, victims Wynn and Runako Stewart were walking in the apartment complex.  As the victims walked down a dimly lit sidewalk between the rows of apartments, the defendant stepped out from behind some bushes and pointed a gun.  The victims then attempted to flee.  However, when Wynn turned to run, he was shot by the defendant in the arm.  A jury convicted the defendant of the aggravated assault of Stewart and attempted first degree murder

of Wynn.

This case now comes to this court on direct appeal. Specifically, the defendant alleges: 1) the evidence was insufficient to find the defendant guilty of aggravated assault; 2) the trial court erred in allowing Wynn to testify that he had previously seen the defendant with a gun; and 3) the trial court erred by failing to declare a mistrial after testimony that the drug task force kicked in the defendant's door on a prior occasion, and the defendant had previously been arrested. We reject the defendant's contentions and affirm the judgment of the trial court.

## ANALYSIS

### (1) Sufficiency of Aggravated Assault Conviction

A.    Standard of Review

When an accused challenges the sufficiency of the evidence, this Court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1,18 (Tenn. Crim. App.1996).

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn.1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this Court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App.1995).

The trier of fact, not this Court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence. Id. In State v. Grace, the Tennessee Supreme Court stated, "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

B.    Issue Analysis

The defendant alleges that the evidence presented at trial was insufficient to find him guilty beyond a reasonable doubt of the aggravated assault of Stewart. Tenn. Code Ann. § 39-13-101(a)(2) sets forth that in order to be convicted of assault, the trier of fact must find that the defendant intentionally or knowingly caused the victim to reasonably fear imminent bodily injury. Assault is upgraded to aggravated assault under Tenn. Code Ann. § 39-13-102 (1)(B) when in the course of the

assault the defendant uses or displays a deadly weapon.

Stewart testified that he was walking right beside Wynn when the defendant appeared and pointed a gun. Stewart was "scared;" thought either he or Wynn would be shot; fled; and heard the gun fire. Further, two shell casings were subsequently found at the scene. From this evidence a rational trier of fact could conclude that Stewart reasonably feared imminent bodily injury as a result of the defendant's use and display of a deadly weapon. Thus, the evidence was sufficient to support the aggravated assault conviction.

## (2) Relevancy of Testimony

The defendant alleges that the trial court erred in allowing Wynn to testify that he had previously seen the defendant with a 9 mm gun. Specifically, the defendant alleges that such testimony was irrelevant and prejudicial.

Testimony indicated Wynn had been shot by a 9 mm handgun. Further, the police recovered 9 mm shell casings from the defendant's girlfriend's home that matched the 9 mm shell casings found at the scene of the crime. When examined in conjunction with the totality of evidence presented at trial, testimony given by Wynn was relevant to the identity of the defendant as the perpetrator.

The defendant further alleges that this testimony should not have been allowed because it constituted a prior bad act under Tenn. R. Evid. 404(b). The defendant objected to this testimony on the ground that it was irrelevant. No other objections were raised. The defendant's failure to raise a contemporaneous objection to this testimony as being a prior bad act effectively waives this issue. *See* Tenn. R. App. P. 36(a); State v. Adkisson, 899 S.W.2d 626, 635 (Tenn. Crim. App. 1994). We further conclude that even if the admission of the evidence was error, it was harmless. *See* Tenn. R. App. P. 36(b).

## (3) Failure of Trial Court to Declare Mistrial

Whether to grant a mistrial lies in the sound discretion of the trial judge. State v. Adkins, 786 S.W.2d 642, 644 (Tenn. 1990). The trial court's determination will not be overturned on appeal unless it is shown that the trial court abused its discretion. Id.

The defendant alleges that the trial court erred by failing to declare a mistrial after Wynn testified that the drug task force kicked in the defendant's door on a prior occasion, and after testimony was given by an officer that the defendant had previously been arrested. While such testimony was improper as noted by the trial court, this court does not believe that there was a manifest necessity to declare a mistrial. The trial judge sustained the defendant's objections and gave curative instructions which the jury is presumed to have followed. State v. Hall, 976 S.W.2d 121, 148 (Tenn. 1998). The case against the defendant was strong, and there was no bad faith on the part of the state. Therefore, the trial court did not abuse its discretion by refusing to grant a mistrial.

## CONCLUSION

Based upon our review of the trial record, this court finds that there was sufficient evidence for the trier of fact to convict the defendant of aggravated assault; the trial court did not err in allowing the testimony of Wynn concerning the gun; and the trial court was correct in denying the defendant's request for a mistrial. The judgment of the trial court is affirmed.