IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2000

## STATE OF TENNESSEE v. EARL ARNOZ TAYLOR

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6788, Joseph H. Walker, Judge**

---

**No. W2000-00071-CCA-R3-CD - Decided - Filed November 3, 2000**

---

The appellant, Earl Arnoz Taylor, was convicted of second degree murder in the Lauderdale County Circuit Court. On appeal, he argues that the evidence produced at trial was insufficient to support the verdict. After review, we find the evidence sufficient and affirm the judgment.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH, J., and ALAN E. GLENN, J., joined.

Julie K. Pillow, Somerville, Tennessee, for the appellant, Earl Arnoz Taylor.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Lucian D. Geise, Assistant Attorney General, Elizabeth T. Rice, District Attorney General, and Tracy Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant, Earl Arnoz Taylor, was convicted by a Lauderdale County jury of second degree murder and was sentenced to 20 years imprisonment as a violent offender. On appeal, the appellant raises one issue: Whether the evidence produced at trial was sufficient to support the conviction of second degree murder. Upon review, we find no error. Therefore, the judgment of the trial court is affirmed.

### Background

On June 4, 1999, the appellant, Taylor, was at his residence in Henning when his friend, Wayne Green, drove into his driveway. Although a conversation between the two was initially friendly, the conversation quickly became heated. The appellant went inside his residence to avoid a confrontation. Henry Lee Johnson and some other men were outside the residence. All of the men present, including the appellant, were drinking beer. Green wanted to purchase some beer, and

Johnson gave Green money for the purchase. Green then returned to his vehicle and began backing out of the driveway. As he was leaving, Green stopped and got out of his vehicle again. As he was yelling, the appellant came to the door with his rifle. The appellant lifted the weapon, a 7.62 caliber rifle, to his shoulder and shot Green, who was standing 40 to 45 feet away, once in the head. The bullet penetrated Green's right eye and killed him instantly.

The appellant then walked to a nearby field and dropped his rifle. He continued walking to the police station, where he surrendered to authorities. The appellant testified that he retrieved the rifle from under his bed when he entered his house. He explained, "I got the rifle for a show of force, let him know that he wasn't going to come in and kick my door down." Green was not displaying a weapon at the time he was shot.

## Sufficiency of the Evidence

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this Court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *See generally* State v. Adkins, 786 S.W.2d 642, 646 (Tenn. 1990); State v. Burlison, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). Instead, the defendant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994), *cert. denied*, 513 U.S. 1086, 115 S.Ct. 743 (1995); Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992), *cert denied,* 507 U.S. 954, 113 S.Ct. 1368 (1993).

The appellant argues that the evidence was insufficient to support his conviction of second-degree murder and contends that he acted in self-defense. We conclude otherwise. Second-degree murder is "the knowing killing of another." Tenn. Code Ann. § 39-13-210(1997). In the present case, the evidence established at trial reveals that the appellant and the victim were arguing. At some point, the appellant went inside to avoid the confrontation. While inside, he retrieved his rifle from underneath his bed. Thereafter, the appellant came to the door, fired a rifle, and killed the victim. Although the appellant argues that he thought the victim was about to harm him, the record reveals that the victim was not carrying a weapon at the time and was approximately 45 feet away from the appellant's door. Moreover, eyewitness testimony at trial corroborates these events.

In order for a defendant to prevail on a claim of self-defense, there must be a showing that he acted upon a well-founded apprehension of great bodily injury and that the actions he took were necessary. State v. Wilson, 556 S.W.2d 232, 243 (Tenn. 1977). We do not find such a showing in

the present case. Whether the killing of one person by another occurs under circumstances which justifies the act under the doctrine of self-defense, or is the result of some other motive, is a question of fact to be determined by the jury under proper instructions and from consideration of all the evidence. The jury is not obligated to accept the appellant's testimony as to self-defense. It is well-settled that whether an individual acted in self-defense is a factual determination to be made by the jury as the sole trier of fact. <u>State v. Goode</u>, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997). The jury rejected the appellant's self-defense theory, as was their prerogative. Upon review, we find that the evidence sufficiently supports the appellant's conviction of second-degree murder.

## CONCLUSION

The evidence produced at trial was sufficient to support the appellant's conviction of second-degree murder. Therefore, the judgment of the Lauderdale County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE