IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 10, 2001

## STATE OF TENNESSEE v. ROBERT ERVIN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6710     Jon Kerry Blackwood, Judge**

---

**No. W2000-01035-CCA-R3-CD - Filed January 31, 2001**

---

Robert Ervin, also known as Muhammad Jabbar, was convicted of attempted second degree murder and sentenced to twenty-five years in the Tennessee Department of Correction. On appeal, Ervin raises one issue for our review: Whether the evidence produced at trial was sufficient to support the verdict. After review, we find the evidence sufficient and affirm the judgment.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Gary F. Antrican, District Public Defender, Somerville, Tennessee, for the Appellant, Robert Ervin.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Lucian D. Geise, Assistant Attorney General, Elizabeth T. Rice, District Attorney General, and Tracey Brewer, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

In January of 1999, a Lauderdale County Grand Jury returned an indictment against the Appellant, Robert Ervin, charging him with attempted first degree murder. Following a jury trial, the Appellant was found guilty of attempted second degree murder. The trial court sentenced the Appellant as a persistent offender to twenty-five years in the Tennessee Department of Correction and ordered his sentence be served consecutive to sentences he was already serving. On appeal, the Appellant argues that the evidence produced at trial was insufficient to support the verdict. After review, we find no error. Therefore, the judgment of the Lauderdale County Circuit Court is affirmed.

**Background**

On the date of June 6, 1998, the Appellant was an inmate at the West Tennessee State Prison where he was serving multiple sentences stemming from his convictions for first degree murder, two counts of aggravated kidnapping, eight counts of robbery with a deadly weapon, two counts of burglary, and one count of assault with intent to commit robbery. On that same day, at approximately 9:00 A.M., correctional officers, Gregory Shaw and Patricia Taylor, were escorting the Appellant from his cell to the shower. As is typically done, when the Appellant entered the open shower stall, his handcuffs and leg shackles were removed and the shower door was locked from the outside. Since this particular pod had three showers, the two officers returned to retrieve the next showering prisoner, Mark Selby.

As the two officers and Selby approached the shower stall occupied by the Appellant, the Appellant suddenly bolted out of the stall, brandishing a shank,[1] and began stabbing Selby. Because Selby was still in handcuffs and shackles, he fell to the floor and was unable to escape the attack. After stabbing Selby five to seven times, the Appellant threw the shank down and returned to his cell. Selby was taken to a nearby hospital where he was treated for multiple stab wounds to his back and head.

At trial, the Appellant testified that it was Selby who instigated the incident. According to the Appellant, Selby charged at him with the shank and the Appellant somehow managed to avoid the attack, removed the weapon from Selby, and then used it to stab Selby in self-defense. The Appellant also testified that he and Selby had encountered disagreements in the past and most recently had had a dispute over money prior to the stabbing incident. According to the Appellant, Selby had previously lost a bet with the Appellant and had refused to pay him.

## I. Sufficiency of the Evidence

The Appellant argues that the evidence produced at trial was insufficient to support his conviction for attempted second degree murder. Specifically, he argues that the State presented "no proof concerning an intent to kill [the victim] or intent to cause injuries serious enough so that death could have reasonably been anticipated."

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt so that, on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this Court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *See generally* State v. Adkins, 786 S.W.2d 642, 646 (Tenn. 1990); State v. Burlison, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). Instead, the defendant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found

---

[1] The "shank," an inmate-fashioned weapon, was described as a 10-inch, rod-like object. It had one sharp edge and was covered on one end with material.

the essential elements of the offense beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); <u>State v. Cazes</u>, 875 S.W.2d 253, 259 (Tenn. 1994), *cert. denied*, 513 U.S. 1086, 115 S. Ct. 743 (1995); Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. <u>State v. Harris</u>, 839 S.W.2d 54, 75 (Tenn. 1992), *cert denied,* 507 U.S. 954, 113 S. Ct. 1368 (1993).

In the present case, the Appellant was convicted of attempted second degree murder. Second degree murder is the "knowing killing of another." TENN. CODE ANN. § 39-13-210(a)(1) (1997). A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result. TENN. CODE ANN. § 39-11-106(a)(20) (1997). Attempted second degree murder may be proven by showing that the defendant "intentionally acted with the requisite culpability to commit the offense of murder in the second degree" and the defendant "could have been convicted of murder in the second degree ... if he had actually killed the victims." *See* <u>State v. Dale Nolan</u>, No. 01C01-9511-CC-00387 (Tenn. Crim. App. at Nashville, Jun. 26, 1997), perm. to appeal denied, (Tenn. Mar. 2, 1998) (citations omitted). *See generally* TENN. CODE ANN. § 39-12-101(a)(1), (2), (3) (1997). Whether the attempt to kill or killing of one person by another occurs under circumstances which justifies the act under the doctrine of self-defense, or is the result of some other motive, it remains a question of fact to be determined by the jury under proper instructions and from consideration of all the evidence. The jury is not obligated to believe the Appellant's version of events as to self-defense. The issue of self-defense in a murder or attempted murder prosecution is always a question of fact to be determined by the trier of fact.

In this case, Officer Shaw testified that the Appellant burst out of the shower displaying a shank and immediately began attacking the victim who was still handcuffed and shackled. Although the Appellant testified that he acted in self-defense, he admitted that he stabbed the victim at least five to seven times in the back and head. Considering these factors, in the light most favorable to the State, we find the evidence more than sufficient to support the jury's verdict of attempted second degree murder, i.e., that the Appellant's conduct was reasonably certain to cause the victim's death, based upon the use of a deadly weapon, the number of wounds inflicted, the seriousness of the wounds and the Appellant's past history of conflict with the victim. *See* TENN. CODE ANN. § 39-12-101(a)(2); Tenn. R. App. P. 13(e). Thus, this issue is without merit.

**CONCLUSION**

We conclude, as a matter of law, that the evidence presented is more than sufficient to support a finding by the jury that the Appellant is guilty of attempted second degree murder. Tenn. R. App. P. 13(e). The judgment of the Lauderdale County Circuit Court is affirmed.

_____

DAVID G. HAYES, JUDGE