IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2002

## STATE OF TENNESSEE v. RODNEY K. MOORE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-06401      Chris Craft, Judge**

**No. W2001-01664-CCA-R3-CD - Filed April 2, 2002**

The Appellant, Rodney K. Moore, was convicted by a Shelby County jury of sale of cocaine less than .5 grams, a class C felony. Moore was sentenced as a Range II offender, to ten years in the Department of Correction. He now appeals his conviction and sentence, raising the following issues for our review: (1) whether there was sufficient evidence presented at trial to support the conviction; (2) whether there was cumulative error sufficient to justify a new trial; and (3) whether the trial court erred by sentencing Moore to serve the maximum sentence within his range. After review, we find no error and affirm the judgment.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Juni S. Ganguli, Memphis, Tennessee, for the Appellant, Rodney K. Moore.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Braden H. Boucek, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jim Lammey and Michael Davis, Assistant District Attorneys General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

In August of 1999, Memphis Police Department Detective Myron Lawrence was assigned to the narcotics unit where his duties involved the purchase of drugs as an undercover officer. On August 26th, Detective Lawrence, in plain clothes and driving an unmarked car, was flagged down

by Elbert Tate. After Detective Lawrence approached Tate, Tate asked,"What are you looking for?" Detective Lawrence replied that he was "trying to get a twenty."[1]

Detective Lawrence gave Tate two marked ten-dollar-bills. They walked a short distance together before Tate walked over to a group of people. The exchange that took place was described by Detective Lawrence as follows:

> We walked through there and he met up with this other guy [the Appellant], and after I had gave him the money on the sidewalk he met with [the Appellant] and gave [the Appellant] one of the ten's that I gave him, [the Appellant] put a substance in his hand. He clinched his hand and came directly back to me and presented me with what appeared to be crack cocaine at that time.

Tate then delivered the substance, which later tested positive as being crack cocaine, to Detective Lawrence who signaled arresting officers to arrest both Tate and the Appellant. Lawrence testified that at the time the "hand to hand exchange" occurred between Tate and the Appellant, he was ten to twelve feet away.

Officers searched the Appellant and found no additional drugs on his person or in the surrounding area. One of the marked ten-dollar-bills was recovered from the Appellant, along with $110 in cash. The Appellant identified himself to officers as "Mark Morgan" and denied providing Tate with drugs.

Tate testified for the State at trial. According to Tate, he approached the Appellant and got "a seven dollar rock." Tate testified that he took the rock back to Detective Lawrence who gave him two ten-dollar-bills in exchange for the rock. Tate then gave one of the ten-dollar-bills to the Appellant and kept the other himself. A marked ten-dollar-bill was recovered from Tate following his arrest.

The Appellant testified on his own behalf at trial. The Appellant stated that he was visiting friends in the area on that particular day when Tate approached him and gave him a ten-dollar-bill. According to the Appellant, Tate was only repaying him for money previously borrowed. The Appellant again denied delivering drugs to Tate and further denied using the alias of "Mark Morgan" upon arrest.

## I. Sufficiency of the Evidence

The Appellant argues that the evidence presented at trial is insufficient to support a verdict of guilty for sale of a controlled substance. Specifically, the Appellant contends that his testimony denying any involvement in the sale of crack cocaine, along with the absence of additional drugs being found on his person after his arrest, is sufficient to refute the testimony of Tate and Detective

---

[1]Detective Lawrence testified that a "twenty" is slang for one rock of crack cocaine.

Lawrence that the Appellant sold cocaine to Tate. Moreover, the Appellant argues that Tate's own guilt for his involvement may have induced him to testify falsely.

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *See generally State v. Adkins*, 786 S.W.2d 642, 646 (Tenn. 1990); *State v. Burlison*, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). Instead, the defendant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994), *cert. denied*, 513 U.S. 1086, 115 S. Ct. 743 (1995); Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992), *cert denied,* 507 U.S. 954, 113 S. Ct. 1368 (1993).

In this case, the Appellant was convicted of one count of sale of a controlled substance, a class C felony. Tenn. Code Ann. § 39-17-417 (c)(2). The proof presented at trial included the testimonies of Detective Lawrence and Tate, both of whom testified that the Appellant was the person who sold the crack cocaine. Clearly, this proof, in the light most favorable to the State, would permit any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. It is unnecessary for us to revisit the Appellant's argument of implausible or non-credible proof as these issues are resolved solely by the jury. Because the evidence is legally sufficient to support the Appellant's conviction for sale of a controlled substance, the Appellant's first issue is without merit.

## II. Cumulative Error

The Appellant next argues that "the [case] should be reversed and remanded due to cumulative error." In response, the State asserts that the Appellant "is grossly unspecific about what errors taken cumulatively justify vacating [Appellant's] conviction." We agree. The Appellant fails to identify any alleged error other than to again advance a sufficiency of the evidence argument, which has been addressed and found meritless by this court *supra*. Thus, this issue is waived for failure to set forth facts relevant to the issue and for failure to provide the appropriate supporting authority. Tenn. R. App. P. 27(a)(6), (7); Tenn. Ct. Crim. App. R. 10(b).

## III. Sentencing

Finally, the Appellant contends that the trial court erred by sentencing him to a term of ten years, the maximum sentence within his range. Specifically, he asks this court, "to impose the minimum sentence - or a more appropriate sentence - for his range in light of the *de minimus (sic)* amount of cocaine for the sale of which he was convicted." Appellate review of a sentencing issue is *de novo* accompanied with a presumption of correctness if the record supports the finding that the sentencing court properly considered principles of sentencing. In this case, the record clearly

supports this finding. Accordingly, the trial court's determinations are afforded the presumption of correctness. Tenn. Code Ann. § 40-35-401(d).

The trial court applied the following three enhancement factors: (1) the defendant has a previous history of criminal convictions in addition to those necessary to establish the appropriate range; (2) the defendant was a leader in the commission of an offense involving two or more criminal actors; and (3) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. *See* Tenn. Code Ann. § 40-35-114(1), (2), and (8). The trial court found no mitigating factors. The Appellant does not contest the application of these enhancement factors or the absence of mitigating factors. Instead, the Appellant only argues that the trial court erred by ordering him to serve a sentence of ten years instead of the presumptive minimum sentence of six years.

The Appellant was convicted, as a Range II offender, for one count of sale of a controlled substance less than .5 grams, a class C felony. Tenn. Code Ann. §§ 39-17-417(a)(3) and (c)(2). As such, the appropriate sentencing range was "not less than six (6) nor more than ten (10) years." Tenn. Code Ann. § 40-35-112(b)(3). In the present case, the Appellant's past criminal history was extensive and consisted of at least fourteen prior convictions, including numerous drug and weapon offenses. Additionally, the evidence established that the Appellant sold crack cocaine to Tate, who then resold the cocaine to Detective Lawrence. It is clear that the Appellant had a leadership role in the crime, as he was the principal source of the drugs. Finally, the proof at the sentencing hearing established that the Appellant had violated terms of his parole on at least three prior occasions. The weight to be afforded an existing factor is left to the trial court's discretion so long as the court complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. *State v. Boggs*, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996). Because the record clearly supports the trial court's decision to enhance the Appellant's sentence based on his prior criminal history, his participation as a leader in the crime, and his prior unwillingness to comply with the conditions of sentencing after release into the community, we find the trial court's imposition of a ten-year sentence is justified.

## CONCLUSION

Based upon the foregoing, we find that the evidence presented at trial was sufficient to support the Appellant's conviction for sale of a controlled substance. We further conclude that the ten-year sentence imposed by the trial court is an appropriate sentence under the particular facts and circumstances of this case. The remaining issue alleging cumulative error is waived.

The judgment of the Shelby County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE