IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 13, 2001 Session

## STATE OF TENNESSEE v. DOUG MYERS

**Direct Appeal from the Circuit Court for Warren County**
**No. F-7861     Charles D. Haston, Judge**

_____

**No. M2000-00861-CCA-R3-CD - Filed April 20, 2001**

_____

Doug Myers was convicted by a Warren County Circuit Court jury of aggravated assault. The trial court sentenced Myers, as a Range I standard offender, to six years incarceration in the Department of Correction. On appeal, Myers raises the following issues for our review: (1) whether the evidence presented at trial was sufficient to support his aggravated assault conviction; (2) whether the trial court erred by allowing testimony concerning Myers' subsequent criminal conduct; and (3) whether the trial court erred in sentencing Myers to six years incarceration. After review, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

John B. Nisbett, III, Cookeville, Tennessee, and Dan Bryant, Public Defender, McMinnville, Tennessee, on appeal, and Bernard K. Smith, at trial, Attorneys for Appellant, Doug Myers.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, David H. Findley, Assistant Attorney General, Dale Potter, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Appellant, Doug Myers, was indicted by a Warren County Grand Jury on one count of aggravated assault. Following a jury trial on October 6, 1999, the Appellant was found guilty of the charged offense. Thereafter, the trial court sentenced the Appellant, as a Range I standard offender, to six years incarceration in the Department of Correction. On appeal, the Appellant argues the following errors occurred at trial: (1) the evidence was insufficient to support the guilty verdict; (2) the trial court erred by allowing testimony about the Appellant's subsequent criminal conduct; and

(3) the trial court erred in sentencing the Appellant. Finding no reversible error, we affirm the judgment of the Warren County Circuit Court.

## Background

On February 6, 1999, the Appellant and Terry Henderson drove to the Mount View Trailer Park in Warren County where they spent the evening at the victim's trailer drinking beer and socializing. The victim, William Young, and Henderson were friends and had previously been roommates. Later that night, around midnight, an argument arose over the victim's display of a rebel flag in his trailer. The victim became upset and asked the two men to leave. As the two men were leaving the trailer, the Appellant and the victim continued to argue, with tempers "flaring." The victim picked up an axe and stood in his doorway while the two men went to their truck. As the victim turned to go back inside the trailer, the Appellant returned and hit the victim on the back of the head with an object referred to as a "can hook."[1] The victim immediately fell to the floor just inside the trailer. Once inside, the Appellant hit the victim in the foot and knee with the can hook, breaking the victim's foot. Henderson got out of the vehicle where he had been waiting, went inside, and pulled the Appellant away from the victim, saying, "You are about to kill this man. Let's get out of here." The Appellant and Henderson then returned to the truck. Before leaving, however, the Appellant decided to go back inside the trailer again. The Appellant later emerged from the trailer carrying a six pack of beer and the two men left. As they drove away, the Appellant told Henderson, "I should have killed him."

John Byrnes, the victim's neighbor, overheard the argument and was able to witness some of the events through the window of his trailer. Once the Appellant and Henderson left, Byrnes went to the victim's trailer, where he found the victim lying unconscious in a pool of blood. Byrnes called the police and told officers that Henderson, who Byrnes knew, and another man had just left the victim's residence in a black Chevy S10 truck. Approximately five hours later, around 5:00 a.m., officers pulled over a vehicle matching the description given by Byrnes. Both the Appellant and Henderson were still in the vehicle. Inside the truck, officers found a can hook and numerous empty beer bottles.

At trial, the Appellant provided a somewhat different version of the events preceding the assault. According to the Appellant, following the argument over the rebel flag, the victim took a swing at Henderson, missing him, and fell to the ground. When Henderson helped the victim up, the victim had a rake in his hand. The Appellant related that the victim told both he and Henderson that, "I will kill both of you damn guys" and then began "coming at me swinging a double blade axe," when I "hit the guy with the can hook." The Appellant and Henderson then got into the truck and left.

---

[1]The "can hook" was never thoroughly described at trial. The proof did establish that the Appellant was a logger and used the can hook in connection with his employment. The police at trial referred to the object as a "homemade wooden bat" and the Appellant referred to the can hook in his statement to the police as a stick.

After being airlifted to Erlanger Medical Center in Chattanooga, doctors performed an operation to remove blood from the victim's brain and the victim received "32 or 34" stitches to his head. The victim also sustained a broken foot and was hospitalized for five days. The victim testified that he has permanent nerve damage in the eye, stating, "I have still got the pain right here which is just like a railroad spike sometimes." In addition to the pain, the victim will now be required to wear glasses.

## ANALYSIS

### I. Sufficiency of the Evidence

The Appellant argues that the evidence is legally insufficient to convict him of aggravated assault because there was no evidence to show that he used a deadly weapon during the commission of the offense or that he inflicted serious bodily injury upon the victim. Additionally, the Appellant argues that the facts presented do not support a conviction for aggravated assault, but rather support an acquittal based upon self-defense. We disagree and find the evidence sufficiently supports the verdict.

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this Court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *See generally* State v. Adkins, 786 S.W.2d 642, 646 (Tenn. 1990); State v. Burlison, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). Instead, the defendant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994), *cert. denied*, 513 U.S. 1086, 115 S. Ct. 743 (1995); Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992), *cert denied,* 507 U.S. 954, 113 S. Ct. 1368 (1993).

The Appellant first argues that the evidence is insufficient to support a conviction for aggravated assault because there was no evidence presented at trial showing that he used a "deadly weapon" during the offense. The Appellant's argument, however, is misplaced. The Appellant was indicted pursuant to Tenn. Code Ann. § 39-13-102(a)(1)(A)(aggravated assault causing serious bodily injury), and *not* pursuant to Tenn. Code Ann. § 39-13-102(a)(1)(B)(aggravated assault by use of a deadly weapon). Accordingly, this argument is without merit.

The Appellant next contends that the evidence was insufficient to support his conviction for aggravated assault because there was no "serious bodily injury" inflicted upon the victim. A person

commits aggravated assault who intentionally or knowingly causes serious bodily injury to another. Tenn. Code Ann. § 39-13-102(a)(1)(A). "Serious bodily injury" is defined as any bodily injury which involves a substantial risk of death, a protracted unconsciousness, extreme physical pain, protracted or obvious disfigurement, or protracted loss or substantial impairment of a function of a bodily member, organ or mental facility. Tenn. Code Ann. § 39-11-106(a)(34)(A)-(E). In the present case, the victim suffered skull fractures and a broken leg. Additionally, the victim suffered permanent nerve damage and extreme pain to the eye. Furthermore, the offense involved a substantial risk of death. We find the evidence presented at trial more than sufficient to support the conviction of aggravated assault causing serious bodily injury to the victim. As such, this issue is without merit.

Finally, the Appellant argues that the evidence produced at trial supports an acquittal for self-defense and not a conviction for aggravated assault. In order to establish a claim of self-defense, a defendant must show that the danger of death or serious bodily harm was imminent and impending, manifested by some words or overt acts at the time clearly indicative of a present purpose to do injury.[2] Tenn. Code Ann. § 39-11-611(a). In other words, the Appellant, in order to prevail on a claim of self-defense, must show that he acted upon a well-founded apprehension of great bodily injury and that the actions he took were necessary. State v. Wilson, 556 S.W.2d 232, 243 (Tenn.1977).

The jury heard the testimony of Terry Henderson, John Byrnes, and the victim involving the factual events of the aggravated assault. None of the witnesses' testimony supports a theory of self-defense or that the Appellant was confronted with imminent danger of death or serious bodily injury. Only the Appellant's testimony, although materially contradicted at times, supports a theory of self-defense. Whether an assault of one person by another occurs under circumstances which justifies the act under the doctrine of self-defense or is the result of some other motive, is a question of fact to be determined by the jury under proper instructions and from consideration of all the evidence. See State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App.1997). Obviously, the jury is not obligated to accept only the Appellant's testimony as to self-defense. By their verdict, the jury rejected the Appellant's self-defense theory, as was their prerogative. After review, we find that the evidence sufficiently supports the Appellant's conviction for aggravated assault. This issue is without merit.

## II. Admission of Subsequent Criminal Conduct of Appellant

The Appellant next argues that the trial court erred by allowing into evidence questions concerning alleged criminal conduct of the Appellant that occurred two months *after* the indicted offense. At trial, the following dialogue took place as the district attorney cross-examined the defendant:

---

[2] Our current criminal code treats "self-defense" as justification for conduct that otherwise would constitute an offense. Thus, the actor's conduct is "justified" or thought to be right. *See* MODEL PENAL CODE § 3.01.

| | |
|---|---|
| DISTRICT ATTORNEY: | And that truck - that is the same truck you took something like this, too, and beat a window out with, didn't you? |
| DEFENSE COUNSEL: | Your honor, I object to this. I don't even know where this is coming from. |
| THE COURT: | What is the relevancy of that, Mr. Attorney General? |
| DISTRICT ATTORNEY: | That he has used this club previously like this to inflict damage or violence upon some other people. |
| THE COURT: | Okay. But when and where? |
| DISTRICT ATTORNEY: | He knows where. |
| THE COURT: | Well, I know, but - |
| DISTRICT ATTORNEY: | In April of this year. |
| DEFENSE COUNSEL: | If you Honor please, that is after the fact; it has not got anything to do with this, and it is opening up a whole can of worms. I don't see that it is relevant. |
| THE COURT: | Well, overruled. |
| DISTRICT ATTORNEY: | Later on this year, you used another club like this that was in a black Chevrolet and busted all the windows out if (unintelligible), didn't you? |
| DEFENDANT: | Yes, sir. |
| DISTRICT ATTORNEY: | That's all. |

At both the trial and in his motion for a new trial, the defendant objected to the testimony concerning subsequent criminal conduct based on grounds of relevancy. In his brief before this court, however, the Appellant no longer objects to the testimony on the basis of relevancy, but instead contends that the introduction of the testimony violates Tenn. R. Evid. 404 and 608. A defendant cannot rely upon one ground at trial and then assert different grounds in subsequent proceedings on appeal. State v. Harris, 839 S.W.2d at 65; *see also* State v. Matthews, 805 S.W.2d 776, 781 (Tenn. Crim. App. 1990)(it has long been established in this jurisdiction that an accused may not litigate an issue on one ground, abandon that ground post-trial, and assert a new basis or ground for his contention in this court). Accordingly, this issue is waived. Notwithstanding the waiver, we note that the trial

court did err by allowing this testimony. *See* Tenn. R. Evid. 404(b) (evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait). We conclude, however, that its admission, although erroneous, was without prejudicial impact upon the jury due to the overwhelming evidence of guilt presented at trial and, as such, constitutes harmless error. *See* Tenn. R. Crim. P. 52(a).

### III. Sentencing

The Appellant argues that the trial court erred by sentencing him to six years incarceration in the Department of Correction.[3] On appeal, however, the Appellant has failed to include the sentencing transcript in the record before this court. It is the defendant's responsibility to include a complete record on appeal. State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998); *see also* State v. Ballard, 855 S.W.2d 557 (1993) (holding failure to include transcript precludes appellate review); State v. Oody, 823 S.W.2d 554 (Tenn. Crim. App.1991) (holding trial court's ruling presumed correct in the absence of an adequate record on appeal). Accordingly, review of this issue is waived.

### CONCLUSION

We find the evidence presented at trial legally sufficient to support the Appellant's conviction for aggravated assault. All other issues raised upon appeal are waived. Accordingly, we affirm the judgment of the Warren County Circuit Court.

 

 

 
_____
DAVID G. HAYES, JUDGE

---

[3]The Appellant was convicted of aggravated assault, a class C felony. The appropriate sentencing range for this offense is three to six years. *See* Tenn. Code Ann. § 40-35-112(a)(3). The trial court found three enhancement factors, no mitigating factors, and sentenced the Appellant to the maximum of six years.