IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 28, 2004

## STATE OF TENNESSEE v. ROBERT LOVE TAYLOR

**Appeal from the Criminal Court for Sullivan County**
**No. S44,631     Phyllis H. Miller, Judge**

_____

### No. E2003-01931-CCA-R3-CD Filed September 13, 2004

_____

The appellant, Robert Love Taylor, was convicted by a jury of driving while declared a habitual motor vehicle offender.  He was sentenced to four years incarceration and fined $3,000 for the offense.  Two motions for new trial were filed - one filed by the appellant pro se and one filed by trial counsel on behalf of the appellant.  The trial court denied the motion for new trial filed by appellant's trial counsel and did not consider the motion filed by the appellant.  The appellant requested to proceed pro se on appeal.  The trial court granted the request and this appeal ensued.  In this pro se appeal, the appellant presents various issues that were not addressed in a properly filed motion for new trial. The appellant waived consideration of these issues for failing to address them in a motion for new trial.  Thus, this Court may only review the sufficiency of the evidence as that was the sole issue raised in the motion for new trial filed by trial counsel.  After a review of the sufficiency of the evidence, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Robert Love Taylor, _pro se_, Tiptonville, Tennessee.

Paul G. Summers, Attorney General & Reporter; Michelle Chapman McIntire, Assistant Attorney General; Greeley Wells, District Attorney General; and J. Lewis Combs, Assistant District Attorney General,  for the appellee, State of Tennessee.

**OPINION**

Factual Background

On October 14, 2000, at approximately 2:50 p.m., Officer Jason McClain of the Kingsport Police Department was on routine patrol when he observed the appellant operating a motor vehicle on North Clay Street, a public roadway located in Sullivan County, Tennessee. Officer McClain knew the appellant was declared a habitual motor vehicle offender ("HMVO"), so he initiated a stop of the appellant's vehicle. The appellant complied, immediately pulling over to accommodate the officer's request. Upon running the appellant's license plate number, Officer McClaim confirmed that the appellant's driver's license was revoked because he was a HMVO. Officer McClain arrested the appellant.

In January of 2001, the appellant was indicted for operating a vehicle while being declared a HMVO. The public defender was appointed to represent the appellant at trial. Subsequent to the appointment of counsel, but prior to trial, the appellant filed several pro se documents with the court. These documents had various titles, including: (1) "announcement;" (2) "defendant motion to dismiss and purge feloniously obtained habitual traffic offender status with supporting facts;" (3) "demand for change of venue;" (4) several "requests for document subpoenas;" (5) "request for adjudication recusal and supporting facts;" (6) "defendant motion to invalidate action of habitual traffic offender status;" and (7) "motion to compel sheriff to provide minimum law library." It does not appear that any of these documents or pleadings were considered by, or ruled on, by the trial court.

At trial, prior to jury selection, the appellant notified the court that he wished to represent himself. After being asked a litany of questions by the trial court about his education and knowledge of the law, however, the appellant changed his mind, deciding that he did not want to represent himself after all. The trial proceeded at that time.

The State's proof included the testimony from Officer McClain, as well as testimony from Raymond W. Winters, the Circuit Court Clerk for Sullivan County. Mr. Winters testified that the appellant was declared a HMVO by a judgment entered on September 3, 1993, and that the appellant's HMVO status was still in effect on the date of the current offense.

The appellant testified on his own behalf. While on the witness stand, he admitted that he was driving the vehicle in question on October 14, 2000, and admitted that there was an order entered on September 3, 1993, declaring him a HMVO. The appellant testified that he did not believe that this order had been set aside. The appellant also admitted that he signed a copy of this order, but he claimed that the order was invalid because it was based on perjured testimony.

The jury found the appellant guilty and recommended a $3,000 fine. At a sentencing hearing, the trial court sentenced the appellant to four years as a Range Two, Multiple Offender. At the sentencing hearing, the appellant again voiced his preference for representing himself. The trial court refused to relieve the public defender from representation at that time, stating that the appellant had no "idea on how to represent . . . [himself] on appeal" and that the actions he had taken thus far were "totally incompetent."

After the sentencing hearing, the appellant filed a pro se motion for new trial. In that motion, the appellant claimed that (1) he made a "lawful announcement of his decision to represent himself;" (2) the judge acted with the prosecutor, public defender, court clerk, and co-conspirators from 1993 to the present to deny the appellant access to the court; (3) the trial was not a public trial; (4) the appellant's driving record is "tainted with the information that Robert Love Taylor is an [sic] habitual traffic offender;" (5) "there are so many felons working in this court district that a fair trial is impossible;" and (6) a new trial is "undeniable." The appellant also demanded recusal of the judge, prosecutor, public defender, and others. Trial counsel for the appellant filed a motion for new trial challenging the sufficiency of the evidence. The trial court held a hearing on the motion for new trial filed by trial counsel. At that hearing, the trial court denied the motion filed by trial counsel for the appellant and did not consider the motion for new trial filed by the appellant because he "was represented by an attorney and the court doesn't hear motions by defendant pro se when they're represented by an attorney." At the conclusion of the hearing on the motion for new trial, the appellant again sought to represent himself. This time, the trial court complied, finding that the appellant "knowingly and voluntarily waived his right to counsel on appeal."

The appellant filed a timely notice of appeal. The issues, as presented by the appellant, are as follows:

> (1) appellant will first present that there is no precedent to his knowledge, of any of the actions of persons involved in the due process of court actions predicate to the action in this appellant procedure.
> (2) appellant was convicted by a jury for the violation of the habitual traffic offender statute of the T.C.A. § 55-10-601.
> (3) appellant will present facts that will demonstrate that this court order was in fact not lawfull [sic].
> (4) appellant will argue that his conviction was based on this court order and that the actors involved in this conviction had prior knowledge of the unlawfullness [sic] of said court order and proceeded toward this conviction with this knowledge.
> (5) appellant will produce documents that will prove his claims that obstruction of justice is the cornor [sic] stone of his conviction and not even or under the color of office or law.

<u>Analysis</u>

At the outset, we note that the appellant raises five issues for this Court's review. As far as we can discern, none of those five issues were raised in a *properly* filed motion for new trial.[1] Rule 3(e) of the Tennessee Rules of Appellate Procedure provides that for appeals "in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, . . . or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived." Tenn. R. App. P. 3(e); <u>see also</u> <u>State v. Martin</u>, 940 S.W.2d 567, 569 (Tenn. 1997) (holding that a defendant relinquishes the right to argue on appeal any issues that should have been presented in a motion for new trial). The only issue raised in a properly filed motion for new trial was the sufficiency of the evidence, thus our review is constrained to that issue alone.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. <u>State v. Cazes</u>, 875 S.W.2d 253, 259 (Tenn. 1994); <u>State v. Harris</u>, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." <u>State v. Tuggle</u>, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. <u>Id.</u> The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. <u>See</u> Tenn. R. App. P. 13(e); <u>Harris</u>, 839 S .W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." <u>See</u> <u>Tuggle</u>, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. <u>State v. Morgan</u>, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); <u>State v. Matthews</u>, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." <u>Matthews</u>, 805 S.W.2d at 779.

---

[1] As stated previously, there were two motions for new trial filed in the case herein, one filed by the appellant and one filed by his trial counsel. The appellant lodged the <u>pro se</u> motion for new trial without the consent of his appointed counsel. The trial court refused to consider the appellant's motion. Counsel for the appellant was allowed to withdraw from representation at the conclusion of the hearing on the motion for new trial. From that point forward, the appellant was entitled to proceed <u>pro se</u>. It is well-established that an accused is not entitled to proceed <u>pro se</u> while represented by counsel. <u>State v. Burkhart</u>, 541 S.W.2d 365 (Tenn. 1976). We are satisfied that the rulings of the trial court in refusing to consider the appellant's motions and documents were correct. <u>State v. Muse</u>, 637 S.W.2d 468, 470 (Tenn. Crim. App. 1982).

In the case herein, the appellant was charged with a violation of Tennessee Code Annotated section 55-10-616, which makes it unlawful for any person to operate a vehicle in the State of Tennessee while there is a judgment or order prohibiting him from doing so. At trial, Officer McClain testified that on October 14, 2000, he observed the appellant driving a vehicle on a public roadway in Sullivan County, Tennessee. Upon running the appellant's license plate number, Officer McClain confirmed that the appellant was driving while on HMVO status. Further, the clerk of the court testified that an order declaring the defendant a HMVO was entered on September 3, 1993, and that this judgment was still in effect on October 14, 2000. Moreover, the appellant himself admitted that he knew the order existed and that, to his knowledge, the order was still in effect on October 14, 2000 when he was arrested.

It is not the duty of this Court to question the credibility of witnesses on appeal, that function is the duty of the trier of fact. See generally, State v. Adkins, 786 S.W.2d 642, 646 (Tenn. 1990); State v. Burlison, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). The question of witness credibility in the case herein was decided by the jury upon rendering a verdict of guilty for the charge as indicted. After reviewing the evidence, we conclude that there was more than sufficient proof for a rational trier of fact to conclude that the appellant was operating a vehicle while being declared a HMVO on October 14, 2000. This issue is without merit.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

-5-