**STATE of Tennessee,**
**Plaintiff-Appellant,**

v.

**Jim JOHNSON, Defendant-Appellee.**

Supreme Court of Tennessee,
at Nashville.

June 17, 1985.

Steven A. Hart, Asst. Atty. Gen., Nashville, for plaintiff-appellant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

Bart Durham, Nashville, for defendant-appellee.

## OPINION

BROCK, Justice.

The State appeals from the action of the Court of Criminal Appeals in reversing the defendant's conviction and granting him a new trial. We are called upon to determine the current validity of the thirteenth juror rule as applied to criminal cases in Tennessee.

A brief review of the history of the rule and the action of the courts below is necessary to place this issue in its proper context. Prior to 1978, the rule that a trial judge in a criminal case must function as a thirteenth juror and weigh the evidence before approving a verdict of guilty was very well established. The rule was stated in *Manning v. State*, 155 Tenn. 266, 284, 292 S.W. 451, 457 (1927), as follows:

> "Each party is guaranteed a fair and impartial trial, and under our system the trial judge, upon motion for new trial, is required to review the record and the evidence. He alone, after the jury has convicted, can give the accused the benefit of the reasonable doubt that always attends the prisoner in a criminal case until final action of the trial court, and on such review it is the duty of the trial judge to consider the weight of the evidence and determine whether or not it establishes the prisoner's guilt beyond a reasonable doubt."

The following summarization of the rule is often quoted in Tennessee cases:

> "[U]nder our system, (a) the trial court exercises the function of a thirteenth juror; (b) that he must weigh the evidence, pass upon the issues, and decide whether they are supported by the evidence; (c) where he fails to do this the case will be reversed and remanded for a new trial; and (d) 'that he must be satisfied, as well as the jury' (meaning, in a criminal case, satisfied that the defendant is guilty)."

*Curran v. State*, 157 Tenn. 7, 13, 4 S.W.2d 957, 958 (1928), *citing, Durant v. State*, Manuscript Opinion filed May 2, 1925.

In 1978, the U.S. Supreme Court held in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), that principles of double jeopardy preclude a retrial of a defendant once a reviewing court has found the evidence to be legally insufficient to support his or her conviction. The holding in *Burks* was held to be applicable to state proceedings in *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

In response to *Burks* and *Greene*, this Court abandoned the thirteenth juror rule in criminal cases. *See State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978); *Overturf v. State*, 571 S.W.2d 837 (Tenn.1978); Rule 13(e), *Tennessee Rules of Appellate Procedure*. In *Cabbage*, we indicated that the practice under the thirteenth juror rule whereby a trial judge could set aside a jury verdict upon grounds of preponderance alone and direct a retrial of the action, without entering judgment of acquittal, could no longer be followed in criminal cases. 571 S.W.2d at 836. We further stated:

> "Sufficiency or insufficiency to convict would henceforth seem to be the appropriate test or standard by which both trial and appellate courts must view the adequacy of the evidence, because of the double jeopardy principles enunciated in *Burks* and *Greene, supra*." *Id.*

Subsequent to this Court's decisions in *Cabbage* and *Overturf,* the U.S. Supreme Court clarified the holding of *Burks*. *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), held that retrial after the reversal of a conviction by an appellate court based upon the weight, rather than the legal sufficiency, of the evidence does not constitute double jeopardy. *Tibbs* also implied that a trial judge's grant of a new trial on the same basis does not violate double jeopardy principles. 102 S.Ct. at 2220, n. 22.

In this case, the trial judge approved the jury's verdict of guilty but also expressed surprise at it. Upon appeal, the Court of Criminal Appeals determined that, in light of *Tibbs,* the thirteenth juror rule in criminal cases survived our decision in *Cabbage.* It found that the evidence was legally sufficient to support the verdict, but, because of the trial judge's apparent dissatisfaction with the verdict, it reversed the judgment entered in the trial court and remanded the case for a new trial. We are of the opinion that the court erred in doing so.

■ As the Court of Criminal Appeals recognized, our abandonment of the thirteenth juror rule in *Cabbage* was unnecessary from a constitutional standpoint. We are free to resurrect the rule without fear of violating principles of double jeopardy. Nevertheless, we are of the opinion that the rule should not be reinstated as a part of Tennessee criminal procedure.

The distinction between the "weight" of the evidence and the "legal sufficiency" of the evidence has little substance in criminal cases, where the State has the burden of proving the defendant's guilt beyond a reasonable doubt. It is difficult to accept the proposition that a trial judge can reasonably determine that the evidence is legally sufficient to support a finding of guilt beyond a reasonable doubt but that such a verdict is against the weight of the evidence. We find the weight of the evidence standard to be difficult, if not impossible, to apply rationally and uniformly in criminal cases.

Plaintiff contends that the thirteenth juror rule is an essential safeguard against possible "wrongheadedness" by jurys. We are not persuaded by that argument because, as we have explained, we find little basis for distinguishing the weight of the evidence from the legal sufficiency of the evidence when the burden of proof is "beyond a reasonable doubt." We necessarily consider a safeguard based upon any such distinction to likewise be without substance.

What we have said should not be construed as dispensing with the requirement

that the trial judge approve the jury's verdict. Such approval is necessary; however, in approving the verdict the trial judge must review the adequacy of the evidence only to determine whether it is legally sufficient to support the verdict.

■ We have reviewed the record in this case and agree with the Court of Criminal Appeals' determination that the evidence is sufficient to support the verdict. However, it is clear from the discussion above that the court erred in reversing the defendant's conviction on the basis of the thirteenth juror rule. The judgment of the Court of Criminal Appeals is therefore reversed, and the case is remanded to that court for consideration of the remaining issue raised by the defendant in his appeal. Costs are taxed against the defendant-appellee.

COOPER, C.J., and HARBISON, J., concur.

DROWOTA, J., dissents.

FONES, J., joins in dissent.

DROWOTA, Justice, dissenting.

As pointed out in the majority opinion, "[p]rior to 1978, the rule that a trial judge in a criminal case must function as a thirteenth juror and weigh the evidence before approving a verdict of guilty was very well established." The majority then cites the 1927 *Manning v. State* opinion which states: "it is the duty of the trial judge to consider the weight of the evidence and determine whether or not it establishes the prisoner's guilt beyond a reasonable doubt." 155 Tenn. at 284, 292 S.W. 451. The trial judges of this State have competently performed this duty for over fifty years.

The majority opinion agrees with the Court of Criminal Appeals that abandonment of the thirteenth juror rule in *Cabbage* was unnecessary from a constitutional standpoint. However the majority concludes that the rule should not be reinstated as a part of Tennessee criminal procedure. For reasons hereinafter stated, I

believe the rule is constitutionally and procedurally sound, provides a necessary safeguard for our jury trial system, and should be retained in criminal as well as civil cases.

After *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), the constitutionality of the thirteenth juror rule was firmly established by the United States Supreme Court. In *Tibbs*, the Court held that a reversal stemming from the weight of the evidence is distinguishable from a reversal based on the legal sufficiency of the evidence. The prohibition against double jeopardy clearly prohibits only retrial of the latter. Justice O'Connor explained that when a trial judge reverses a conviction on the basis of the *weight* of the evidence, the situation is analogous to a hung jury. The double jeopardy clause precludes a retrial only when the evidence has been found legally insufficient to support the verdict. On the contrary, disagreement between judge and jury on conflicting evidence "no more signifies acquittal than does disagreement between the jurors themselves." 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.

The majority opinion believes that "the distinction between the 'weight' of the evidence and the 'legal sufficiency' of the evidence has little substance in criminal cases." I do not agree. Weight of the evidence is a decision trial judges are routinely asked to make in civil as well as criminal cases. It involves among other things decisions about the credibility of witnesses and their demeanor. I also disagree with the majority's conclusion that the weight of the evidence standard is difficult if not impossible to apply rationally and uniformly in criminal cases. This same argument was flatly rejected by the United States Supreme Court in *Tibbs v. Florida, supra.* Justice O'Connor noted that trial and appellate judges commonly distinguish between the weight and the sufficiency of the evidence. The Supreme Court found implausible the argument that *Tibbs* would "erode the demonstrated ability of judges to distinguish legally insufficient evidence

from evidence that rationally supports a verdict." 457 U.S. at 45, 102 S.Ct. at 2220, 72 L.Ed.2d at 663.

The distinction between the weight and the legal sufficiency of the evidence is one that our law has always recognized. Different considerations are present in each. In evaluating the legal sufficiency of the evidence, the judge determines whether all the necessary elements of the offense have been made out, whether the defendant's identity has been established and whether the proof demonstrates the existence of a valid defense. In doing so, the court is required to view the evidence in the light most favorable to the verdict, giving the prosecution the benefit of all inferences reasonably to be drawn from the evidence. On appeal, appellate courts are not free to re-evaluate the evidence because the "guilty verdict by the jury, *approved by the trial judge,* accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973) (emphasis added). Where the legal sufficiency of the evidence is attacked, the question on appeal is whether a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); see also Rule 13(e), Tennessee Rules of Appellate Procedure. In *Tibbs, supra,* the United States Supreme Court explained that a finding of legal insufficiency "means that the government's case was so lacking that it should not have even been *submitted* to a jury." 457 U.S. at 41, 102 S.Ct. at 2217–18, 72 L.Ed.2d at 660, quoting *Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1, 12–13 (1978) (emphasis in original).

An inquiry into the *weight* of the evidence is entirely different. The trial judge does not have to view the evidence in the light most favorable to the prosecution; he may weigh the evidence himself as if he were a juror and determine for himself the credibility of the witnesses and the preponderance of the evidence. As the Eighth Circuit stated in *United States v. Lincoln,*

630 F.2d 1313 (8th Cir.1980), even if the trial judge concludes that "despite the abstract sufficiency of the evidence to sustain the verdict, [that] the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, [he] may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Id. at 1319.

Under Tennessee law, the thirteenth juror rule was long seen as the best safeguard against jury error. This rule may be the only safeguard available against a miscarriage of justice by the jury. In my opinion the interests of justice requires the reinstatement of the thirteenth juror rule in criminal cases in Tennessee.

For the reasons outlined above, I would affirm the judgment of the Court of Criminal Appeals and remand this case to the trial court for a new trial.

I am authorized to state that Justice FONES concurs in this opinion.