IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1996 SESSION

FILED

July 23, 1997

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,           )
                              )
            APPELLEE,         )
                              )     No. 01-C-01-9602-CC-00074
                              )
                              )     Rutherford County
v.                            )
                              )     James K. Clayton, Jr., Judge
                              )
                              )     (Aggravated Sexual Battery)
ROBERT SCOTT,                 )
                              )
            APPELLANT.        )


FOR THE APPELLANT:                  FOR THE APPELLEE:

Dicken E. Kidwell                   John Knox Walkup
Attorney at Law                     Attorney General & Reporter
300 East Vine Street                500 Charlotte Avenue
Murfreesboro, TN 37130              Nashville, TN 37243-0497
(Appeal Only)
                                    Michael J. Fahey, II
Guy R. Dotson, Jr.                  Assistant Attorney General
Attorney at Law                     450 James Robertson Parkway
102 South Maple Street              Nashville, TN 37243-0493
Murfreesboro, TN 37130
(Trial Only)                        William C. Whitesell, Jr.
                                    District Attorney General
                                    303 Rutherford County Judicial Building
                                    Murfreesboro, TN 37130

                                    Thomas F. Jackson, Jr.
                                    Assistant District Attorney General
                                    303 Rutherford County Judicial Building
                                    Murfreesboro, TN 37130


OPINION FILED:_____


REVERSED AND REMANDED FOR A NEW TRIAL


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Robert Scott (defendant), was convicted of aggravated sexual battery, a Class B felony, by a jury of his peers. The trial court, finding the defendant to be a standard offender, imposed a Range I sentence consisting of confinement of eight (8) years in the Department of Correction. In this Court, the defendant raises numerous issues. After a thorough review of the record, the briefs of the parties, and the law governing the issues presented for review, it is the opinion of this Court the judgment of the trial court should be reversed and this cause remanded to the trial court for a new trial. The trial court explicitly expressed dissatisfaction with the verdict of the jury, but upheld the verdict when considering the matter as the thirteenth juror.

This is the second appeal in this case. Initially, the trial court granted the defendant a new trial because the state failed to turn over exculpatory evidence before the trial. The state sought and was granted an interlocutory appeal. This Court reversed the judgment of the trial court and remanded the cause for further proceedings. State v. Robert Scott, Rutherford County No. 01-C-01-9409-CC-00326 (Tenn. Crim. App., Nashville, October 4, 1995). The state filed a post-opinion motion seeking clarification. This Court limited its action "to vacating the trial court's order granting a new trial and to remanding this cause to the trial court for its further consideration and complete determination of the motion for a new trial, including its role as the thirteenth juror." The trial court was instructed to reinstate the verdict of the jury if it denied the motion for a new trial and approved the jury's verdict as the thirteenth juror.

On remand the trial court denied the defendant's motion for a new trial. The court reluctantly approved the verdict as the thirteenth juror. When ruling upon the verdict of the jury, the trial court said:

> Well, I don't mind telling you, Gentlemen, that this case has caused me more concern, I guess, than any case I have ever tried. I have had a little time on the bench where I have tried cases.
>
> I know what the Court of Criminal Appeals has said. And I have to accept what they have said as being correct because I don't believe anyone has the perfect ability to see things and to know exactly what happened with the exception of the

2

people that were there at the time.

I believed Sissy in this case. I also believed Ms. Scott, and she testified about Mr. Scott's problems with arthritis. I believed the doctor when he testified. I didn't go into that at the first motion. I felt like the State had fallen down. I'm not giving counsel for the defense what I felt like were exculpatory statements which were inconsistent statements which would bear on credibility. And I'm sorry I don't recall exactly what was covered in cross-examination. Some of these may have been. It's been awhile.

\* \* \* \*

I don't feel that . . . the Supreme Court, that the Court of Criminal Appeals expects or wants nor do they require the Judge, because he doesn't necessarily agree with the jury's verdict, to set it aside. And I think that's why they require the Judge to say, one is the verdict supported by the evidence.

In this case, as I pointed out, the victim in the case testified. In the argument or in my statements when it was here before indicated that I had some -- would liked to have heard further from that witness. But I did not take part in the deliberations with the jury. I don't know what they considered in their deliberations. And I can certainly understand why the Supreme Court or the Court of Appeals, Criminal Appeals, does not want the Judge to say, well, they just -- I may not be real happy with the verdict, but I do -- I could not -- I cannot in good conscious say that the verdict was not supported by the evidence.

And I think as thirteenth juror when the verdict is supported by the evidence that was presented at the trial, and the Court of Appeals has ruled as they did in what I felt like were mistakes, I don't see that I have any alternative but to approve it. Let the appeal process proceed from here.

Based upon a reading of the foregoing statement made by the trial court, it is obvious the trial court was confused regarding its duty when acting as the thirteenth juror.

The thirteenth juror rule was a part of this state's jurisprudence for years. In 1978, the Supreme Court abolished this common law rule. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). Later, the Supreme Court refused to reinstate the rule. State v. Adkins, 786 S.W.2d 642 (Tenn.1990); State v. Johnson, 692 S.W.2d 412 (Tenn. 1985). In 1991, the thirteenth juror rule was reinstated as Rule 33(f), Tennessee Rules of Criminal Procedure. This rule states:

The trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence. If the trial court grants a new trial because the verdict is contrary to the weight of the evidence, upon request of either

3

party the new trial shall be conducted by a different judge.

The Supreme Court has referred to this rule as the "modern day equivalent to the 'thirteenth juror rule.'" State v. Blanton, 926 S.W.2d 953, 958 (Tenn. 1996). The rule serves two purposes. First, it acts as a safeguard against errors committed by the jury. State v. Dankworth, 919 S.W.2d 52, 55 (Tenn. Crim. App. 1995). Second, it prevents a miscarriage of justice by the jury in reaching the verdict it reports to the court. Id.

Tennessee Rules of Criminal Procedure 33(f) imposes upon the trial court "the mandatory duty to serve as the thirteenth juror in every criminal case." State v. Carter, 896 S.W.2d 119, 122 (Tenn. 1995). Moreover, the trial court's approval of the jury's verdict as thirteenth juror is essential to the imposition of a valid judgment. Id.

When acting as thirteenth juror, the trial court must independently weigh the evidence and assess the credibility of the witnesses based upon the observations of the court during the trial. Dankworth, 919 S.W.2d at 56. The trial court sees the witnesses face to face, hears the witnesses testify, and observes the witnesses' demeanor. Id. In weighing the evidence, the trial court must consider the evidence adduced during the trial, consider any exhibits introduced, reconcile the conflicting evidence, and determine the credibility of the witnesses. Dankworth, 919 S.W.2d at 55. The trial court must be personally satisfied with the verdict. If the trial court is not satisfied with the verdict, it is the duty of the trial court to grant the accused a new trial.

It is clear the trial court felt a new trial should be granted based upon his dissatisfaction with the testimony of the victim who apparently had given conflicting statements. Thus, the trial court was not satisfied with the verdict. However, the statements made by the trial court illustrate the court misunderstood its authority and duty as the thirteenth juror. Thus, this Court must grant the defendant a new trial. State v. Moats, 906 S.W.2d 431, 434-35 (Tenn. 1995). The remaining issues are moot given the disposition made in this case. This Court does not render advisory opinions.

_____
JOE B. JONES, PRESIDING JUDGE

4

CONCUR:


_____
WILLIAM M. BARKER, JUDGE



_____
J. STEVEN STAFFORD, SPECIAL JUDGE