IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
November 29, 2005 Session

**STATE OF TENNESSEE v. KEVIN HUNTER BIGGS**

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 244715     Jon Kerry Blackwood, Judge, Sitting by**
**Designation for the Honorable Stephen M. Bevil**

---

**No. E2005-01402-CCA-R3-CD - Filed August 25, 2006**

---

THOMAS T. WOODALL, J., dissenting.

I respectfully dissent from the result reached by the majority, and would affirm the judgment of the trial court. In 1978, based upon the United States Supreme Court's decisions in *Burks v. United States*, 437 U.S. 1, 98 S. Ct. 2141 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S. Ct. 2151 (1978), the Tennessee Supreme Court held in *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978), that the thirteenth juror rule in Tennessee must be abolished, because it violated principles of double jeopardy.

In 1985, in the case of *State v. Johnson*, 692 S.W.2d 412 (Tenn. 1985), our Supreme Court noted the following:

A brief review of the history of the rule and the action of the courts below is necessary to place this issue in its proper context. Prior to 1978, the rule that a trial judge in a criminal case must function as a thirteenth juror and weigh the evidence before approving a verdict of guilty was very well established. The rule was stated in *Manning v. State*, 155 Tenn. 266, 284, 292 S.W. 451, 457 (1927), as follows:

Each party is guaranteed a fair and impartial trial, and under our system the trial judge, upon motion for new trial, is required to review the record and the evidence. He alone, after the jury has convicted, can give the accused the benefit of the reasonable doubt that always attends the prisoner in a criminal case until final action of the trial court, and on such review it is the duty of the trial judge to consider the weight of the evidence and determine whether or not it establishes the prisoner's guilt beyond a reasonable doubt.

The following summarization of the rule is often quoted in Tennessee cases:

> [U]nder our system, (a) the trial court exercises the function of a thirteenth juror; (b) that he must weigh the evidence, pass upon the issues, and decide whether they are supported by the evidence; (c) where he fails to do this the case will be reversed and remanded for a new trial; and (d) "that he must be satisfied, as well as the jury" (meaning, in a criminal case, satisfied that the defendant is guilty).

*Curran v. State*, 157 Tenn. 7, 13, 4 S.W.2d 957, 958 (1928), *citing, Durant v. State*, Manuscript Opinion filed May 2, 1925.

*Johnson*, 692 S.W.2d at 412-13.

Despite having the opportunity in *Johnson*, to reinstate the thirteenth juror rule as it had existed prior to *Cabbage*, our Supreme Court declined to do so. Specifically, the court held,

> As the Court of Criminal Appeals recognized, our abandonment of the thirteenth juror rule in *Cabbage* was unnecessary from a constitutional standpoint. We are free to resurrect the rule without fear of violating principles of double jeopardy. Nevertheless, we are of the opinion that the rule should not be reinstated as a part of Tennessee criminal procedure.

*Johnson*, 692 S.W.2d at 413.

Again, in the 1990 opinion in *State v. Adkins*, 786 S.W.2d 642 (Tenn. 1990), the Tennessee Supreme Court specifically declined to reinstate the abolished thirteenth juror rule and in doing so reiterated the holding in *Johnson*. *Adkins*, 786 S.W.2d at 645.

The thirteenth juror rule, abolished in *Cabbage* and again rejected by the Supreme Court in 1985 (*Johnson*) and in 1990 (*Adkins*) was a part of the common law prior to its demise. In 1991, the Tennessee Supreme Court again reconsidered the thirteenth juror rule. Following a favorable recommendation from the Advisory Commission on the Tennessee Rules of Criminal Procedure, the Court promulgated what is now Rule 33(d) of the Tennessee Rules of Criminal Procedure. *State v. Carter*, 896 S.W.2d 119, 121-22 (Tenn. 1995).

The specifics of the new thirteenth juror rule are contained in one sentence: "The trial court may grant a new trial following a verdict of guilt if it disagrees with the jury about the weight of the evidence." Tenn. R. Crim. P. Rule 33(d). At first blush, it might appear that the thirteenth juror rule as stated in Rule 33(d) of the Tennessee Rules of Criminal Procedure is much more limited in its application than the common law rule abolished in *Cabbage*.

The Court of Criminal Appeals in the *Carter* case had held that the thirteenth juror rule is discretionary. However, in rejecting this interpretation, the Supreme Court quoted from the Advisory Commission Comment to present Rule 33(d):

New Rule [(33(d)] changes the holdings in *State v. Johnson*, 692 S.W.2d 412 (Tenn. 1985), and *State v. Adkins*, 786 S.W.2d 642 (Tenn. 1990), which had abolished the thirteenth juror rule in criminal cases. The rule is restored by the amendment [to Rule 33 of the Tennessee Rules of Criminal Procedure.] (emphasis added).

*Carter*, 896 S.W.2d at 122.

The Supreme Court held that:

As we view it, the Commission Comment plainly states that the thirteenth juror rule has been "restored" by enactment of Tenn. R. Crim. P. [33(d)]. "Restoration" of the thirteenth juror rule, as we interpret the term, re-establishes the rule as it existed at common law. [citation omitted]. Thus, contrary to the finding of the Court of Criminal Appeals, we can only conclude that Rule [33(d)] imposes upon a trial court judge the mandatory duty to serve as the thirteenth juror in every criminal case, and that approval by the trial judge of the jury's verdict as the thirteenth juror is a necessary prerequisite to imposition of a valid judgment. [citations omitted] (emphasis added).

*Carter*, 896 S.W.2d at 122.

Nevertheless, as noted by the Supreme Court in *Carter*, at common law, the appellate court presumed that the trial court performed its function as the thirteenth juror, "unless, on the record, the trial judge expressed disagreement with the verdict or dissatisfaction with the weight of the evidence, or where the trial court absolved itself of its responsibility to act as the thirteenth juror." *Id*. at 121.

One circumstance which allows this presumption, although never designated as the *only* method by which a reviewing court can presume the trial court performed its function as the thirteenth juror, is when the trial court "simply overrules a motion for new trial." *Id*. at 122.

There is no designated point at which the trial court must comply with the requirements of the thirteenth juror rule, except that it must be after the verdict and prior to imposition of a valid judgment. As noted in the majority's opinion in the case *sub judice*, after the jury rendered its verdict convicting Defendant of the lesser included offense of aggravated sexual battery, the trial judge stated:

Mr. [Defendant], based on the finding of the jury that you are guilty of the lesser-included [sic] offense of aggravated sexual battery, it is the judgment of the Court that you are guilty of aggravated sexual battery. I will refer this for a sentencing, set a sentencing another day and refer it to the probation office for a presentence investigation. You may be seated. (emphasis added).

Under the common law, restored by Rule 33(d) of the Tennessee Rules of Criminal Procedure, the judge who presided over the trial did not express disagreement or dissatisfaction with the verdict or the weight of the evidence to support it, and did not absolve himself of his responsibility to act as thirteenth juror.

In fact, the only conclusion that can be drawn from the presiding judge's comments, after the verdict was announced, is that he approved the verdict as the thirteenth juror.

Accordingly, I would affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE